# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ABINGDON DIVISION

| | | |
|---|---|---|
| DOROTHY ARNOLD, | ) | |
| BY PATRICK ARNOLD, ETC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:14CV00020 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| NHC HEALTHCARE/BRISTOL, LLC, | ) | By: James P. Jones |
| ETC., ET AL., | ) | United States District Judge |
| | ) | |
| Defendants. | ) | |

*Clifton L. Corker, Johnson City, Tennessee, and Thomas C. Jessee, Johnson City, Tennessee, for Plaintiff; William M. Moffett and P. Danielle Stone, Penn, Stuart & Eskridge, Abingdon, Virginia, for Defendant NHC Healthcare/Bristol, LLC.*

In this personal injury case, I will grant the defendant's Motion to Dismiss for insufficient allegations of subject matter jurisdiction, and the action will be dismissed without prejudice.

## I

Dorothy Arnold, by her attorney-in-fact Patrick Arnold, filed this action against NHC Healthcare/Bristol, LLC ("NHC Healthcare"), a limited liability company which operated a skilled nursing facility in Bristol, Virginia, and against ten unknown John Does who are alleged to be "the administrators of [NHC Healthcare] during the residency of Dorothy Arnold." (Compl. ¶ 31, ECF No. 1.)

The Complaint contains state common law and statutory claims relating to Mrs. Arnold's alleged injury while under the care and supervision of NHC Healthcare.

The plaintiff asserts subject matter jurisdiction of this court on the basis of diversity of citizenship, and in support thereof alleges that Patrick Arnold is a citizen of Tennessee, and that NHC Healthcare is a citizen of Virginia. Defendant NHC Healthcare has moved to dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of such jurisdiction.

The plaintiff has not filed a response to the Motion to Dismiss within the time required under the court's local rules, W.D. Va. Civ. R. 11(c) (requiring response to a motion within 14 days of service), and accordingly the motion is now ripe for decision.

II

Pursuant to Rule 12(b)(1), a defendant may move to dismiss on the ground that the court lacks subject matter jurisdiction. A challenge to subject matter jurisdiction may proceed in two ways. *See Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). First, a defendant may attack the face of the complaint and contend "that a complaint simply fails to allege facts upon which subject matter jurisdiction can be based." *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982).

In evaluating a facial challenge to subject matter jurisdiction, "the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration." *Id.*

Second, a defendant may attack subject matter jurisdiction as a matter of fact and argue "that the jurisdictional allegations of the complaint [are] not true." *Id.* Under those circumstances, a plaintiff receives less procedural protection, and "the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

In either circumstance, the plaintiff bears the burden. *See Strawn v. AT&T Mobility LLC*, 530 F.3d 293, 296 (4th Cir. 2008) ("[A] party seeking to adjudicate a matter in federal court must allege and, when challenged, must demonstrate the federal court's jurisdiction over the matter.").

Because in this case the jurisdictional allegations of the Complaint are facially insufficient, it is not necessary for me to address the defendant's factual challenge.

III

A district court is granted original jurisdiction over a civil action "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C.A. § 1332(a)(1) (West 2011). Only complete diversity, where the citizenship of every plaintiff is different from the citizenship of every defendant, satisfies the jurisdictional requirement. *See, e.g.*, *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

In the Complaint, the plaintiff alleges that defendant NHC Healthcare "is a limited liability company organized and existing under the laws of the Commonwealth of Virginia." (Compl. ¶ 3, ECF No. 1.) While I must accept this allegation as true, it is legally insufficient to meet the jurisdictional prerequisite since for diversity purposes a limited liability company has the citizenship of all of its members. *See Cent. W.Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011). Because the Complaint does not contain any allegations of the citizenship of the members of NHC Healthcare, it is inadequate to show the diversity citizenship of this defendant.[1]

---

[1] NHC Healthcare attached to its Motion to Dismiss an affidavit attesting to the citizenship of its members. According to the affidavit, NHC Healthcare's members have

Patrick Arnold asserts that he has the power of attorney for Dorothy Arnold, who is alleged to be incapacitated. It is alleged that Patrick Arnold is a citizen of Tennessee. While a representative may sue on behalf of an incompetent person, Fed. R. Civ. P. 17(c)(1), in assessing diversity of citizenship, "the legal representative of an infant or incompetent shall be deemed to be a citizen only of the same State as the infant or incompetent." 28 U.S.C.A. §1332(c)(2) (West 2006). The Complaint does not allege Mrs. Arnold's citizenship.[2]

The plaintiff also names John Does as defendants. "Sound authority supports the general proposition that the 'John Doe' practice is unwarranted in diversity cases." *Johnson v. Gen. Motors Corp.*, 242 F. Supp. 778, 779 (E.D. Va. 1965). As a result, where John Does are named, "the action is subject to dismissal unless the John Does are eliminated or their citizenship affirmatively alleged." *Id.*; *see also Sandler v. W. State Hosp.*, No. 5:02CV00107, 2003 WL 22722870, at *3 (W.D. Va. Nov. 18, 2003) (where a plaintiff "fails to provide the court with any basis for determining the citizenship or identity of the John Does," it is appropriate

citizenship in Delaware and Tennessee. As I have explained, it is not necessary for me to consider these facts in order to decide the Motion to Dismiss.

[2]    The defendant surmises that Mrs. Arnold is a citizen of Tennessee, since it asserts that her address when she was admitted to the nursing facility was the same as that of Patrick Arnold, who is alleged to a citizen and resident of Sullivan County, Tennessee. Nevertheless, it is not necessary for me to make a factual determination in that regard, since her citizenship has not been alleged.

to dismiss the John Doe defendants.).  The Complaint only identifies these defendants as "individuals whom Plaintiffs are currently unable to identify despite diligent efforts."  (Compl. ¶ 4, ECF No. 1.) It does not affirmatively allege their citizenship nor provide the court any basis for determining such citizenship.

Without sufficient allegations of the citizenship of the parties, it is impossible to determine whether this court has jurisdiction.  It may be that Mrs. Arnold is a citizen of Tennessee, along with defendant NHC Healthcare, in which case the action, if it is to proceed, must be filed in state court.  I make no final determination in that regard.  I only rule that the plaintiff has failed to properly allege the subject matter jurisdiction of this court.

IV

For the foregoing reasons, the Motion to Dismiss (ECF No. 6) will be granted.  A separate order will be entered dismissing the case without prejudice.

DATED:  June 10, 2014

/s/  James P. Jones
United States District Judge